UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEODORO G. RUBANG,<br><br>    Plaintiff,<br><br>    v.<br><br>NAF-HUMAN RESOURCES,<br><br>    Defendant. | No.  2:15-cv-02195-KJM-AC<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

On January 20, 2016, the court held a hearing on defendant NAF-Human Resources' motion to dismiss. Plaintiff appeared pro se via telephone and Bobbie Montoya appeared on behalf of defendant. On review of the motions, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

PROCEDURAL HISTORY

On September 21, 2015, plaintiff filed a form complaint in the Solano County Superior Court, which defendant removed to district court on October 22, 2015. ECF No. 1; ECF No. 1-1. Along with its notice of removal, defendant filed an ex parte application for an extension of time to respond to plaintiff's complaint. ECF No. 3. The court granted defendant's application on October 27, 2015. ECF No. 5. On November 30, 2015, defendant filed a motion to dismiss

1  plaintiff's complaint. ECF No. 6. On January 13, 2016, defendant filed a "reply" that attached a
2  letter from plaintiff to defendant. ECF No. 7. Plaintiff's letter purported to be "in respond [sic]
3  to Defendant's Counsel letter motion of Dismissal dated 30Nov'2015 [sic]." ECF No. 7-1 at 2.
4  Based on this language defendant posited in its reply that plaintiff likely intended the document to
5  be an opposition to its motion to dismiss, despite the fact that it was mailed to defendant and not
6  filed with the court. ECF No. 7 at 1. Accordingly, court staff contacted plaintiff via telephone to
7  inquire whether he intended the letter to be an opposition. Although apparently confused as to
8  how documents are filed with the court, plaintiff confirmed that he did indeed intend the
9  document to be his opposition. Accordingly, the court will construe the letter from plaintiff to
10 defendant, dated December 8, 2015, as his opposition. ECF No. 7-1 at 2–3.

## ANALYSIS

12 Defendant's motion to dismiss should be granted because plaintiff's complaint does not
13 comply with Rule 8(a). Rule 8(a) requires that a pleading contain "a short and plain statement of
14 the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a
15 statement must simply give the defendant fair notice of what the plaintiff's claim is and the
16 grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

17 Plaintiff's complaint does not comply with Rule 8 because it is does not give defendant
18 fair notice of the claims that are being asserted. Plaintiff's complaint asks for "damages for
19 discrimination and disrespect to a U.S. military veteran." ECF No. 1-1 at 3. Plaintiff alleges that
20 defendant discriminated against him by terminating him for an "unintentional mistake," and that
21 he is disabled. ECF No. 1-1 at 4. Plaintiff also alleges that at one point a co-worker of his at
22 Travis Air Force Base intentionally "poked" his eardrum, causing him to have a panic attack. Id.
23 Based on these allegations, it is unclear on what basis plaintiff believes he has been discriminated
24 against. Although it is possible he means to claim discrimination based on disability, he may also
25 mean to claim discrimination based on his status as a military veteran, or even some other reason
26 entirely. Nor is it clear under what legal authority plaintiff is attempting to assert a claim or
27 claims. Finally, even if it could be determined what claims plaintiff was trying to bring, he does
28 not allege any *facts* that would support a discrimination claim. It is impossible for defendant to

1  draft a response to such a complaint and accordingly, the court will recommend that the motion to
2  dismiss for failure to comply with Rule 8(a) be granted.

3  Because plaintiff is proceeding pro se, the court will recommend that defendant's motion
4  to dismiss be granted with leave to amend.  See Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir.
5  1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme
6  liberality . . . . This policy is applied even more liberally to pro se litigants." (citations and
7  internal quotation marks omitted)).  Plaintiff is cautioned that any amended complaint must
8  include a short and plain statement in accordance with Federal Rule 8(a) pointing to some
9  cognizable legal theory that entitles him to relief.  **This means that plaintiff must point to a**
10 **specific law giving him the right to sue defendant for the conduct alleged.  Plaintiff must**
11 **also include allegations explaining *how* he was discriminated against: why defendant told**
12 **him he was being terminated and why he was, in fact, terminated.**  General allegations that
13 plaintiff has been wronged and that he wishes to restore his good name are simply not enough to
14 state a legal claim.  Any amended complaint must also show that the federal court has
15 jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if his
16 allegations are true.  The amended complaint should contain separately numbered, clearly
17 identified claims.

18 In addition, the allegations of the amended complaint must be set forth in sequentially
19 numbered paragraphs, with each paragraph number being one greater than the one before, each
20 paragraph having its own number, and no paragraph number being repeated anywhere in the
21 complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.
22 Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff
23 must avoid narrative and storytelling.  That is, the complaint should not include every detail of
24 what happened, nor recount the details of conversations (unless necessary to establish the claim),
25 nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint
26 should contain only those facts needed to show how the defendant legally wronged the plaintiff.

27 Local Rule 220 requires that an amended complaint be complete in itself without
28 reference to any prior pleading.  This is because, as a general rule, an amended complaint

3

1 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

2 plaintiff files an amended complaint, the original pleading no longer serves any function in the

3 case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

4 involvement of each defendant must be sufficiently alleged.  Lastly, the court reminds plaintiff

5 that his amended complaint must be filed in *this* court, not sent to defendant or filed in state court.

## CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

The Clerk of the Court is directed to send plaintiff a copy of Pro Se Form No. 7, Complaint for Employment Discrimination, available at http://www.uscourts.gov/forms/pro-se-forms/complaint-employment-discrimination, and Pro Se Form No. 1, Complaint for a Civil Case, available at http://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case.  Plaintiff may, but is not required to, use the form to organize his amended complaint in the proper way.

THE COURT FURTHER RECOMMENDS that:

1. Defendant's motion to dismiss, ECF No. 6, be GRANTED with leave to amend; and

2. Plaintiff be granted thirty days from the date of service of the presiding district judge's order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file

////

////

1 objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE